## TEWKSBURY v. PROVIZZO.

A deed of release, conveyance and partition, providing for the appointment of commissioners to make partition of the land therein described, according to certain terms set forth in the deed; and also, by its terms, providing that the release shall take effect upon the making the partition and report, by the commissioners, of a map of the partition, which together with the deed, is to be handed over to one F who is to file the same for record in the proper office, is sufficient to estop a party thereto from controverting the deed.

On the happening of the event the deed became effectual as a partition and release. When parties go into a partition of property upon certain terms and conditions, each to receive a several portion of a common estate, the instrument of partition, founded upon mutual releases, itself is such affirmation of interest and title on the part of each as to estop him to deny that he did have interest and ownership in the premises; and the release and conveyance of his interest to his parceners is evidence of title in his grantees which he cannot dispute.

Where such commissioners, in pursuance of a contract of a portion of the parties executing such deed, allotted to one G, who was not a party to the deed of partition and release, one hundred acres, and where the defendant claimed, through the parties executing such contract, and both contract and deed were upon record at the

time of the defendant's purchase : *Held*, that the defendant, in contemplation of law, had notice of such contract of his predecessors and vendors, and that he is bound by it.

Where such commissioners in the partition and allotment failed to divide and allot some marsh land, a part of the tract, and where no proof was offered that this land was of any value, or that the division made was affected in any manner by the failure to divide or allot it, or that the allotments made would in any degree have been affected by the allotments of this, or that any injury resulted to any one interested in consequence of this omission ; and where important rights have vested under the partition, this Court would not be warranted in holding the action of the commissioners void, because of the failure to divide and allot the marsh land.

APPEAL from the Seventh District, County of Contra Costa.

The facts of this case appear in the opinion of the Court.

*E. W. F. Sloan* for Appellant.

I. The Court erred in refusing to non-suit the plaintiff. Estoppels must be certain to every intent. The recital in the indenture of partition and release is too vague and indefinite to constitute an estoppel. Right *v.* Bucknell, 22 Eng. Con. Law R. 122, was an ejectment, which came before Tenterden, C. J., on motion for non-suit. The plaintiff relied upon the words "*legally or equitably entitled, &c.*," contained in a mortgage as an estoppel; but it was held to be no estoppel, and the rule for non-suit was made absolute.

II. There is nothing in the indenture which constitutes even *prima facie* evidence of a present subsisting legal estate or right of entry in any one or more of the parties to it. These parties may have had estates in reversion or remainder only, or they may have had only equitable interests in or liens upon the ranch, perfectly consistent with the recital.

III. The partition, if actually executed, could only have operated upon boundaries, without changing the character of any one's estate or interest, whether legal or equitable, present or future, direct or contingent. It was only intended to limit the estate or interest to a portion in severalty, but not to convert it into a different estate or interest. Jackson *v.* Hasbrouck, 3 J. R. 331; Grice *v.* Randall, 23 Vt. 239 ; Goundie *v.* N. Water Co., 7 Barr. 233.

IV. The indenture of partition was not executed by the commissioners. Its provisions were violated :

. . 1st. In not partitioning the whole ranch. (7 Mass. 399; 8 Wheat. 394; 2 Caine's, 235.) The consent of some or all of the parties by parol could not justify the neglect. Howard v. Cooper, 1 Hill, 44, 49; M'Near v. Baily, 18 Maine, 254.

2d. In making allotments to certain purchasers at the expense of the parties generally, and in making the allotment to Gutierez in the same manner, contrary to the provisions of the indenture. Kitchen v. Streets, 1 Smith Ind. 27; Curtis v. Snead, 12 Grottan, 260; Ham v. Ham, 39 Maine, 217; Johnson v. Wilson, Willes. R. 253.

*Saunders & Brent* for Respondent.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

This was an ejectment for a tract of land, being a portion of the Rancho of San Pablo, lying in the County of Contra Costa. The case was tried by the Court without a jury. The Court made a general finding that the plaintiff was seized and possessed of the premises, and was ejected by defendant, and that the plaintiff, as a matter of law, was entitled to recover; and it gave judgment of restitution, and for five hundred dollars damages. The plaintiff, on the trial, offered and read in evidence a paper purporting to be a deed of partition of the rancho of San Pablo, the parties, who were very numerous, claiming to be owners, and interested in that rancho; and the deed recites that "it was made in order to settle all disputes touching said rancho, and make amicable partition thereof."

The plaintiff claims the premises through a deed from one of the original owners, whose share, as allotted by the commissioners, he represents. The defendant claims possession as owner of undivided interest in the rancho, claiming that the allotment and partition does not bind him or convey to the plaintiff the title in severalty of the tract sued for. The partition was made, and it was recorded by the commissioners about twelve months after the deed. The commissioners partitioned off the land, omitting to make any partition of a portion of the tract—this being swamp land—upwards of 2,000 acres in extent.

The commissioners also allowed to one Gutierez one hundred acres

Tewksbury *v.* Provizzo.

of the land, under circumstances mentioned hereafter. The defend-
ant's predecessor in interest was a party to this deed of partition.

Two questions are made upon which this controversy turns. The
first is, what is the effect of this deed of partition, supposing it to have
been regularly carried into execution—that is, is it an estoppel? The
second is, has there been such a departure from its terms as to invali-
date it, or the proceeding under it?

As the plaintiff, on the trial, rested upon this deed without other
evidence of title, it is necessary he should maintain that, by force of
the deed and the proceedings under it, he is entitled to recover the
land. He does not rely upon previous possession, nor upon any
deraignment of the title; but contends that this instrument contains
of itself a confession of title which the parties to it cannot be per-
mitted to contradict. The defendant offered evidence to show that the
defendant was in possession previous to the execution of the deed, by
way of proving a superior title in himself; and this evidence was
rejected by the Court upon the ground that he was estopped by the
deed. To ascertain the merits of this point, it is necessary to consider
the provisions and language of the deed, which is a long and complex
document. The first article provides for payment of certain expenses
of litigation. The second article appoints Forbes, Cooper and Gray,
" commissioners to make partition of the rancho in the manner herein-
after mentioned, and to that end, to make the necessary survey, map
and report; the same to be filed for record among the land records of
the County of Contra Costa, with this deed of the partition and release,
the whole to take effect when so filed and recorded, and not before."
The third article provides for the separation from the rancho of a tract
of fifty acres, to be chosen by one Martina Castro de Alvarado, etc.,
" the parties of the first, second, third, fourth, fifth, sixth, seventh,
eighth and ninth parts; and Goodale and Benson hereby convey and
release to said Martina and her heirs, the same to take effect as soon
as the said report and map and this deed shall be filed for record."

The fourth article directs that the commissioners shall then separate
from the remainder of the tract one-tenth part, to be divided into three
parts among Musson, Saunders and Hepburn—the others to release
and convey to them this interest—in consideration of which these

persons convey and release their interest in the balance of the rancho; these releases and conveyances to take effect as in the last article.

Articles 5 and 6 make further directions as to the allotments with the same words of release and conveyance.

Article 10 provides, in consideration of the release of Alvarado and wife, the other parties release and convey to certain persons, etc.

Article 10 is as follows : " The commissioners are to execute and close this partition within three months from the time this agreement shall be placed in their hands for that purpose.    They are then to deliver the report, map, and this deed to James Alexander Forbes, who is hereby authorized and requested to file the same for record in the proper county ; provided at the time of said delivery, the interest in said rancho represented by the parties of the third, fourth, fifth, sixth, seventh, eighth and ninth parts hereto, shall be vested absolutely, and in fee and clear of the lien and right of redemption of all subsequent incumbrancers not parties hereto, in the said parties of the third, fourth, fifth, sixth, seventh, eighth and ninth parts hereto respectively ; but in the event that the interest in said rancho represented by the said parties of the third, fourth, fifth, sixth, seventh, eighth and ninth parts hereto, respectively, shall not be so vested in fee and clear of the lien of subsequent incumbrancers and parties hereto, then the said Forbes is to retain the said documents until the said interests in said rancho shall be so vested in said parties hereto, respectively ; when, and not before, he shall file the same for record in the proper county ; and meanwhile, the parties of the several parts hereto respectively covenant with the other parties hereto, except the said Goodale and Benson, not to lease, mortgage, convey, or in any manner dispose of any part of the said rancho except in subordination, and subject to this partition ; for which purpose the said Forbes is hereby authorized to exhibit the said map, report and this deed, when requested by any party in interest hereto."

It has thus been seen that this instrument is what on its face it purports to be, to wit, a deed of conveyance, release and partition.    It is true that the release is not to take effect except by force of a future event, to wit, the making of the partition and the recording of it. But we are unable to perceive why a deed like this may not be effect-

ual on a future event, so at least, as to estop a party on the happening of such event to controvert it. It may be conceded that this event was a condition precedent to the vesting of the estate provided for by the deed; as was the payment of the purchase money in the case of Brannan *v.* Massick (9 Cal). But, within the principle of that case, it would seem that on the happening of the event, the deed became effectual as a partition and release. In this respect, it is not material whether the several parties were owners or had merely liens, as the deed, taking effect on the happening of the event, and purporting to release and convey all the title of the grantor, the grantor would be estopped to deny that he had title at the time. But apart from this, we apprehend that when parties go into a partition of property upon certain terms and conditions, each to receive a several portion of a common estate, the instrument of partition, founded upon mutual releases, itself is such affirmation of interest and title on the part of each, as to estop him to deny that he did have interest and ownership in the premises; and the release and conveyance of his interest to his parceners is evidence of title in his grantees which he cannot dispute. He takes, by virtue of the deed, all *their* interest, and cannot be allowed to say that he holds possession of what he conveyed and released, by a title paramount to that which he conveyed. In this case, there was no pretense that the possession of the defendant previous to the deed was by any different title than that which he conveyed and released; indeed, such possession was in entire consistency with such interest, and, it is fairly presumable, was held by him as a tenant in common under the title which he showed on the trial.

The next question is as to the effect of the allotment to Gutierez. It is urged that the commissioners exceeded their powers in making this allotment, and that this vitiates their reports and proceedings. It is answered on the other side, that the defendant claims through Bradley and King, and that they executed the deed of partition, and also the deed allowing and authorizing this act of commissioners. The record supports this statement. The defendant, to support the issue on his part, showed a decree of foreclosure in a certain suit wherein Lyman King and Mancilla B. Bradley were plaintiffs, and Antonio M. Castro was defendant; the order of sale; the Sheriff's return and certificate

of sale to King and Bradley, purchasers ; the assignment by King to one Piper and one Mathewson ; the Sheriff's deed to Bradley, Piper and Mathewson, and the deed from Piper to defendant of his interest in the premises in dispute. The deed from King to Piper and Mathewson is dated on the eighth of January, 1857, and the deed from Piper to defendant on the twenty-sixth of October, 1857. The mortgage from Castro to King and Tewksbury—the latter assigning afterward to Bradley—was recorded twenty-sixth of · December, 1854. The deed of · partition was made fourteenth of July, 1856, and was executed by both King and Bradley, they, at that time, holding the interest or claim to a portion of which defendant afterwards succeeded. The contract between a number of these parties authorizing the allotment of one hundred acres to Gutierez was made twenty-first of July, 1856, and was recorded twenty-seventh of August, 1857. Both Bradley and King executed this agreement. The land was set off to Gutierez in pursuance of this agreement, which conveyed an equitable title in the land. It was, at least, such an executory agreement in respect to this land, as under the statute might be recorded; and, being recorded, imparted notice to a subsequent purchaser dealing in or with respect to the land. When Provizzo subsequently purchased, therefore, he had, in construction of law, notice of this contract by his predecessors and vendors, through whom he derives his title, and must be held bound by their contracts and engagements. He took the land subject to this charge upon it, and to the agreement thus made. And these remarks also apply to the deed of partition.

The last objection is, that the partition is not binding, because the entire tract was not divided, but some marsh land was omitted from the division and allotment. The report of the commissioners on this subject is as follows : " As to the surplus of marsh land comprised in this survey, and belonging to the said tract of the rancho de San Pablo, we have called the same to the attention of the parties interested, and they have decided that the said surplus of the said marshy lands should remain for the present undivided." No proof was offered that this land was of any value ; or that the division made was affected in any manner by the failure to divide or allot it; or that the allotments made would in any degree have been affected by the allotments of this ;

or that any injury resulted to any one interested in consequence of this ommission. Moreover, no objection seems to have been made to this allotment and partition on this account. Nor was any exception taken to the admission of this report and these proceedings of the commissioners as evidence, for the specific reason that the statement made by them was inadmissible proof of the facts of agreement and consent stated in the report. In no way, for so long a time after the report was filed and recorded, was there any protest or objection on this score until this defense, though, by the terms of the deed, the report and partition was to vest title. Important rights have vested under these proceedings, which a Court would not disturb without great reluctance. There is, besides all this, *some* proof that the defendant, after the report, at least impliedly, conceded that, so far as Saunders, one of these parties, was concerned, the title vested; for the witness, Morgan, says he, defendant, recommended a party to purchase from Saunders. Under all these circumstances, we think we shall not be warranted in holding that these proceedings are void because of this ommission.

We think the judgment of the Court below should be affirmed.